WOLF, J.,
Dissenting.
I would affirm the trial court’s denial of appellant’s motion to suppress. The totality of the circumstances supported a determination by the trial court that the officer had a founded suspicion that appellant was driving under the influence of alcoholic beverages or a controlled substance.
The police officer testified that on the night of the incident, he was on patrol in a known drug area on a residential, two-lane street. He observed appellant “driving slow” and “stopping in front of different units,” although he “did not exit the vehicle.” Appellant then made a U-turn and in doing so he left the roadway and drove up onto the curb, which was approximately 7 *1004 or 8 inches high, before returning his vehicle back on the roadway. Appellant drove over the curb 2 or 3 feet onto the grass that was between the curb and the sidewalk, but he did not drive on the sidewalk. The officer testified that all of these concerns but mainly the defendant leaving the roadway, “raised my suspicions as to his possibly being under the influence of a substance.... ”
The trial court denied the motion to suppress and specifically stated, “[t]hat he went up on the curb in the manner he did, I think a reasonable person might have a suspicion that maybe he was impaired of some sort. And I believe there was a safe [sic] issue.”
The trial court’s determination is supported by the law and the public policy concern that when a police officer observes erratic driving behavior (especially when coupled with other circumstances such as being in a known drug area late at night), the officer should have the right to conduct a further investigation for the protection of our citizens.[1]
The majority suggests that because there was an alternative innocent explanation for appellant’s behavior, reasonable suspicion did not exist. I do not believe this accurately reflects the law, nor should public policy support such a conclusion when we are dealing with a potential DUI.
In Hernandez v. State, 784 So.2d 1124, 1126 (Fla. 3d DCA 1999), the court found reasonable suspicion can exist even if the suspicious activity is consistent with innocent activity. In State v. Johnson, 516 So.2d 1015, 1021 (Fla. 5th DCA 1987), the Fifth District specifically addressed whether reasonable suspicion is negated because the factors relied on by the officer may not necessarily be inconsistent with a particular hypothesis of innocence.
A founded suspicion consists of “specific and articulable facts which taken together with rational inferences from those facts, reasonably warrant [detention].” Terry v. Ohio, [392 U.S. 1] 88 S.Ct. [1868] at 1880 [20 L.Ed.2d 889 (1968) ]. Thus, the police officer’s suspicions need not be inconsistent with a hypothesis of innocence. Rather, they need to be based only on rational inferences, from articulable facts, which reasonably suggest criminal activity.
I would affirm the decision of the trial court.

. I would note the fact that no other cars were on this particular road at the specific time of the incident does not abate the safety concerns for those drivers and pedestrians appellant may suddenly confront.